UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3042 PA (FFMx) | Date | July 13, 2016 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. Zulily, Inc., et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** ORDER TO SHOW CAUSE

The Court has reviewed the Complaint filed by plaintiff Star Fabrics, Inc. ("Plaintiff") against defendants Zulily, Inc. ("Zulily"), Li Yuan Textile and Apparel, Inc. ("Li Yuan"), Xtaren, Inc. ("Xtaren"), Young Threads NYC, Inc. ("Young Threads"), Firmiana, Inc. ("Firmiana"), Fashion Fuse, Inc. ("Fashion Fuse"), and Caja Enterprise, Inc. ("Caja") (collectively "Defendants"). (Docket No. 1.) Plaintiff alleges that it owns two two-dimensional designs registered with the United States Copyright Office. (Compl. ¶¶ 14, 18.) The Complaint alleges that Zulily sold goods which infringe both designs, and were manufactured by Firmiana, Xtaren, Young Threads, and Yi Luan for the first design (Id. ¶ 16.) and Caja, Fashion Fuse, and Metro 22, Inc.[1] for the second design (Id. ¶ 20).

Federal Rule of Civil Procedure 20(a)(2), which allows for permissive joinder, provides:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; *and*
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. Proc. 20(a)(2) (emphasis added); see also League to Save Lake Tahoe v. Tahoe Regional Planning Agency, 558 F.2d 914, 917 (9th Cir. 1977). "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997).

---

[1] Despite the Complaint's allegations that Metro 22, Inc. manufactured infringing goods, the entity is not named as one of the defendants in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-3042 PA (FFMx) | Date | July 13, 2016 |
|---|---|---|---|
| Title | Star Fabrics, Inc. v. Zulily, Inc., et al. | | |

    Based on the factual allegations in the Complaint, it does not appear that there is a question of fact or law common to all Defendants, nor is it clear that Plaintiff's claims arise out of the same transaction or occurrence.  No facts are alleged in the Complaint to satisfy Rule 20(a)(2).  See, e.g., Star Fabrics, Inc. v. Sears Roebuck & Co., 2013 U.S. Dist. LEXIS 49204 (C.D. Cal. Apr. 4, 2013) (Order to Show Cause).

    The Court therefore orders Plaintiff to show cause in writing, no later than July 27, 2016, why one or more defendants should not be dropped from this case for improper joinder.  See Fed. R. Civ. P. 18, 20, 21; see also Coughlin, 130 F.3d at 1351 (finding misjoinder where "[e]ach claim raises potentially different issues, and must be viewed in a separate and individual light by the Court.").

    In response to this Order to Show Cause, Plaintiff may, if it so chooses, limit its claims to one design, Zulily Inc., and one of the Defendants who allegedly manufactured goods infringing that design, and file separate actions against the remaining Defendants with new complaints and filing fees.

    IT IS SO ORDERED.